IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TODD W. ALTSCHUL | § | |
| VS. | § | CIVIL ACTION NO. 5:14cv74 |
| FEDERAL BUREAU OF PRISONS | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Todd W. Altschul, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends the petition be dismissed without prejudice based on petitioner's previous sanctions and failure to receive judicial authorization.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court concludes petitioner's objections should be overruled. Petitioner made no mention of his prior sanctions until his response to the answer filed by the respondent. While petitioner contends he sought permission to proceed, a review of the pleadings in this action fails to reveal any request for permission to proceed as a sanctioned litigant. Further,

petitioner never alleges he received permission to proceed from a judge of this Court before filing his petition.

As the magistrate judge found, petitioner was sanctioned by the Fifth Circuit Court of Appeals in 1997. *See In re Altschul*, No. 97-00287 (5th Cir. July 2, 1997). The sanction imposed by the Court forbade Altschul from filing any initial pleading in that court or in any court subject to the jurisdiction of the Fifth Circuit, except with advance written permission of a judge of the forum court. Additionally, Altschul was required to inform the forum court of the sanction. Petitioner was again warned of sanctions regarding a motion for leave to proceed as a sanctioned litigant because his pleadings contained threatening or abusive language. *See Altschul v. Stephens*, No. 13-20337 (5th Cir. Nov. 4, 2013). Further, petitioner has received similar sanctions, as well as monetary sanctions, from this Court, the United States District Court for the Northern District of Texas, and the United States District Court for the Southern District of Texas.

In this proceeding, Altschul failed to request advance written permission to proceed as a sanctioned litigant. Additionally, his failure to inform the Court of his sanctions led to the Court's ordering a response to the petition. Petitioner's conduct is clearly an attempt to circumvent the sanctions imposed by the Fifth Circuit, this Court, and our sister courts in an effort to proceed with his petition. Petitioner's intent is evidenced by the statement made in his response to the respondent's disclosure of sanctions imposed by this Court. Petitioner asserted that "[t]his case has already come this far in the process, therefore this court must reach the merits of this case and not use any alleged sanction conduct as a[n] unjustifiable reason to deny this 2241 petition." Petitioner, however, should not be allowed to circumvent the sanctions imposed by failing to disclose such

sanctions and failing to receive permission to proceed prior to filing his pleadings, as required by the sanctions.

The Court concludes petitioner was not forthcoming in informing this Court of his numerous sanctions. Further, even affording petitioner review as if he had filed a motion to proceed as a sanctioned litigant, the Court has determined leave should be denied. A review of the petition and response in this case reveals petitioner's claims lack merit; thus, Altschul has not shown that he should be encouraged to pursue these claims. Consequently, his motion for authorization to proceed as a sanctioned litigant, had he filed one, would have been denied.

<u>O R D E R</u>

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 18th day of March, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE